IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STACEY O'NEAL WILLIAMS , #101941,    ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | No. 3:04-CV-2001-M |
| ) | (Consolidated with |
| DOUGLAS DRETKE, Director, Texas    ) | No. 3:04-CV-2002-M |
| Department of Criminal Justice,    ) | No. 3:04-CV-2003-M |
| Correctional Institutions Division,    ) | No. 3:04-CV-2004-M) |
| Respondent.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Respondent is Douglas Dretke, Director of TDCJ-CID.

**II.  Background**

On November 30, 2000, Petitioner pled guilty to three charges of burglary of a habitation. *State v. Williams*, Cause Nos. F-0036903-TQ, F-0031809-TQ, and F-0070877-UQ (204th Jud. Dist. Ct., Dallas County, Tex., Nov. 30, 2000).  Petitioner also pled guilty to

attempted burglary of a habitation. *State v. Williams*, Cause No. F-0022763-PQ (204th Jud. Dist. Ct., Dallas County, Tex., Nov. 30, 2000). The Court sentenced Petitioner to fifty years confinement in each case, to be served concurrently. The Court also imposed a $1,000 fine in each case.

On February 1, 2002, the Fifth District Court of Appeals modified the judgments to delete the $1,000.00 fine in each cause number, and affirmed the judgments as modified. *Williams v. State*, Nos. 05-01-00101-CR, 05-01-00102-CR, 05-01-00103-CR, 05-01-00104-CR (Tex. App. – Dallas, Feb. 1, 2002, pet. ref'd). On June 26, 2002, the Court of Criminal Appeals denied Petitioner's petitions for discretionary review. *Williams v. State*, Nos. 0328-02, 0329-02, 0330-02, 0331-02.

On September 30, 2003, Petitioner filed state petitions for habeas relief challenging each of his four convictions. *Ex parte Williams*, Application Nos. 58,139-01; 58,139-02; 58,139-03; 58,139-04. On August 31, 2004, the Texas Court of Criminal Appeals denied the petitions without written order on the findings of the trial court.

On September 9, 2004, Petitioner filed federal habeas petitions attacking each of his convictions. *Williams v. Dretke*, 3:04-CV-2001-M; 3:04-CV-2002-M; 3:04-CV-2003-M; 3:04-CV-2004-M. The Court consolidated these four petitions into the first-filed action. Petitioner argues his convictions are unlawful because: (1) he was not properly admonished regarding the range of punishment; and (2) he received ineffective assistance of counsel at trial and on appeal.

On December 17, 2004, Respondent filed his answer arguing the petition is time-barred. On January 24, 2005, Petitioner filed a motion for extension of time to file his traverse. On February 1, 2005, the Court granted Petitioner until May 2, 2005 to file his traverse. Petitioner

did not file a traverse. The Court now finds the petition is time-barred.

## III.  Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

On February 1, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction. On June 26, 2002, the Court of Criminal Appeals denied his petitions for discretionary review. The convictions therefore became final ninety days later, on September 24, 2002. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 24, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). On September 30, 2003, Petitioner filed state habeas petitions challenging each of his convictions. These habeas petitions, however, were filed after the limitations period expired. They therefore did not toll the limitations period. Petitioner was required to file his federal petition by September 24, 2003. He did not file his petition until September 9, 2004. His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis*, 158 F.3d at 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has not shown that he was actively misled by the state, or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d).

Signed July 13, 2005.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE