## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **STACEY O'NEAL WILLIAMS , #101941,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:04-CV-2001-M** |
| | ) | **(Consolidated with** |
| **DOUGLAS DRETKE, Director, Texas** | ) | **No. 3:04-CV-2002-M** |
| **Department of Criminal Justice,** | ) | **No. 3:04-CV-2003-M** |
| **Correctional Institutions Division,** | ) | **No. 3:04-CV-2004-M)** |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

On September 26, 2005, the District Court adopted the findings, conclusions and recommendation of the undersigned Magistrate Judge and filed a judgment dismissing this habeas corpus petition as barred by the one-year statute of limitations.  On January 25, 2006, Petitioner filed a "Motion for Review of Abuse of Discretion and Plain Errors."  He argues that dismissal of his petition denied him access to the courts and constituted a miscarriage of justice.

The Court construe's Petitioner's motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  Before addressing Petitioner's arguments, the court must determine whether the Rule 60(b) motion should be construed as a second or successive habeas

petition.  In *Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 2647-48 (2005), the Supreme

Court recently held that a motion for relief from judgment, which seeks to advance one or more

substantive claims, qualified as a second or successive habeas petition.  However, a motion for

relief from judgment, which challenges only a district court's previous ruling which precluded a

merits determination – i.e., a denial/dismissal for failure to exhaust, procedural default, or

statute-of-limitations bar – was not the equivalent of a second or successive habeas petition.

     In his Rule 60(b) motion, Petitioner only seeks to challenge the District Court's prior

ruling dismissing the habeas petition as time-barred.  As a result, the motion is not the equivalent

of a second or successive habeas petition.

     Federal Rule of Civil Procedure 60(b)(1) through (b)(5), which address inadvertence,

excusable neglect, newly discovered evidence, fraud, and misrepresentation, do not apply in this

case.  Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . .

[for] any other reason justifying relief from the operation of the judgment."  Relief under this

subsection is available "'only if extraordinary circumstances are present.'"  *Government*

*Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767 (5th Cir. 1995)

(quoted case omitted).

     "Extraordinary circumstances" are not present in this case.  Petitioner argues that failure

to consider the merits of his petition constitutes a miscarriage of justice.  The petition, however,

is barred by the one-year statute of limitations.  *See* 28 U.S.C. 2244(d).  Accordingly,

Petitioner's Rule 60(b) motion should be denied.

RECOMMENDATION:

     For the foregoing reasons, it is recommended that the District Court deny Petitioner's

Rule 60(b) motion for relief from judgment.

      Signed this 1st day of February, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).